UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SELMA DIVISION

| | | |
|---|---|---|
| S.H., as mother and next friend of K.H., a minor, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No.: _____ |
| LINDEN CITY BOARD OF EDUCATION, TIMOTHY THURMAN, Sr., individually and in his official capacity as Superintendent of Linden City Board of Education. | § § § § § § § § | |
| Defendants. | § § | |

COMPLAINT FOR DECLARATORY
RELIEF, INJUCTIVE RELIEF,
AND MONEY DAMAGES

This Complaint is filed on behalf of K.H. who is a twelfth (12) grade student at Linden High School in Linden, Alabama. The Complaint is brought by and through K.H.'s mother, S.H. K.H., through S.H., seeks declaratory and injunctive relief and money damages against the Defendants, the Linden City Board of Education and Timothy Thurman,

Sr., individually and in his official capacity as the Superintendent for the City of Linden Board of Education. The Plaintiffs allege that the Defendants acted under color of state law and violated the Plaintiffs' rights under the 14th Amendment to the Constitution of the United States.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), and 42 U.S.C. § 1983.

2. The venue in the Southern District, Selma Division, is appropriate since the Plaintiffs and Defendants reside and work in the Selma Division.

## PARTIES

3. <u>Plaintiffs</u>. K.H. is an individual who lives with her mother at 1970 Old Highway 80, Faunsdale, Alabama 36738. As a minor, K.H. is represented by S.H., K.H.'s mother and next friend.

4. K.H. is a 17-year-old senior high school female student who is enrolled at Linden High School, in Linden, Alabama.

5. K.H. is required by state law to attend school. *See,* Ala.Code 1975 § 16-28-3 ( . . . every child between the ages of six and 17 years shall be required to attend a public school, private school, church school, or be

instructed by a competent private tutor for the entire length of the school term, . . . ).

6.  K.H. has attended Linden High School beginning in the ninth grade. K.H. is currently in her senior year and anticipates graduating in May of 2025. Upon graduation from high school, K.H. looks forward to attending college and participating in university-level sports.

7.  K.H. is recognized academically as a "C," or better, student. Further, K.H. is a talented basketball player who could attend college on an athletic scholarship.

8.  K.H. does not have a history of engaging in fights at school.

9.  K.H. is not considered to be a behavior problem and has not, in the past, had a history of inappropriate deportment.

10.  <u>Defendants</u>. The Linden City Board of Education (hereinafter, the "Board") is a public-school program, licensed by and acting under the color of state law of the State of Alabama.

11.  Linden City Board of Education is a city school district accredited by the state of Alabama that is in Marengo County, Alabama.

12.  In addition to setting the "vision" for the school district and advocating for students, *inter alia*, the Board is responsible for employing

and evaluating the superintendent, in this matter, Timothy Thurman, Sr.

13. Timothy Thurman, Sr. (hereinafter "Thurman") is an individual over the age of nineteen (19) years and a citizen of the United States. Thurman is being sued in his individual and official capacity. At all times material to this lawsuit Thurman, as a public-school Superintendent, acted under color of state law.

14. At all times material to this Complaint, Thurman was an employee of the Linden City Board of Education as the superintendent of Linden City Board of Education. As an agent of the Linden City Board of Education, Thurman acted with the authority vested in him by the Linden City Board of Education.

15. Thurman received a bachelor's degree in Elementary Education from Alabama State University, a master's degree in education administration from the University of West Alabama, and a Doctor of Education Degree in Educational Leadership from Nova Southeastern University.

16. Thurman completed the Superintendent's Academy at the University of Alabama and upon completion of the Academy, Thurman

4

earned Alabama State Department of Education credentials to serve in the role as a Superintendent of a board of education.

## FACTS

17.   During the week of October 7, 2024, the personnel and students at Linden were preparing for the school's annual homecoming game that was to occur on Friday, October 11, 2024.

18.   On or about October 8, 2024, K.H. and other female students were exchanging texts about another female student (referred to in this Complaint as "Doe"). The notes were regarding Doe and her having been selected as the homecoming queen and what she was going to wear to homecoming dance.

19.   As the texts were exchanged, allegations were made about who said what about whom. A female student, N.A. intimated that K.H. had disrespected N.A. by suggesting that N.A. had said something about the homecoming queen. As the texts escalated in tenor, K.H. and N.A. exchanged notes about fighting.

20.   Punches between K.H. and N.A. were exchanged while they were on the school grounds, but after regular school hours. A school faculty member intervened to bring a quick end to the altercation. It is estimated that the fight lasted about 10-15 seconds.

21. Since the date of the fight, K.H. and N.A. have not had any subsequent interactions or issues.

22. K.H. has not had any subsequent issues at school.

23. K.H. and the N.A. were both placed at the alternative school on "in-school suspension" (ISS) for six (6) days for fighting, by the Linden High School principal.

24. The N.A. completed her suspension and was allowed to return a regular schedule of classes without further punishment.

25. K.H. completed her 6 days suspension, but without good cause, was told not to return to school by Thurman.

26. K.H. has not been allowed to return to school since the middle of October 2024, a period more than 10 days.

27. S.H. was told that she would be contacted by Thurman to advise S.H. as to when her daughter would be allowed to return to school.

28. S.H. has not been contacted by Thurman regarding when K.H. can return to school.

29. After several days after K.H. completed her ISS punishment and not being able to return to school, S.H. became concerned about K.H. missing so much time from school and contacted the Alabama State Department of Education for assistance.

30. S.H. was told by personnel with the State Department that she "did the right thing by calling them; and they would call Thurman to determine what the problem was."

31. K.H. has not been told when she may return to school.

32. K.H. has not been told why the additional expulsion was instituted, nor was she told of the opportunity to have a hearing.

33. S.H. attended a meeting of the Linden City Board of Education for assistance. She was told by Thurman that he had not decided whether he would allow K.H. to return to Linden High School.;

34. Members of the Linden City Board of Education did not intervene to direct Thurman to: (a) permit K.H. to return to school; (b) establish a date that K.H. could return to school; or (c) set a date and time for a hearing regarding K.H.'s expulsion.

35. Thurman told S.H. that the reason he was not allowing K.H. to return to school was because S.H. had called the State Department.

36. To date, K.H. has not been allowed to return to school to complete her senior year.

## COUNT I
## 42 U.S.C. § 1983

37. The Plaintiffs reallege an specifically incorporate by reference the facts and allegations of paragraphs 1-29 as if fully set forth hereinbelow.

38. The Defendants at all times relevant to this action were acting under color of state law.

39. The 14th Amendment to the U.S. Constitution guarantees the right to due process of law.

40. The Defendants acted under color of state law to deprive the Plaintiffs of certain constitutionally protected rights under the 14th Amendment to the Constitution of the United States, namely, the right not to be deprived of liberty or property without due process of law.

41. The Defendants actions and inactions constitute a deprivation of liberty without due process of law in contravention of the 14th Amendment, actionable pursuant to 42 U.S.C. § 1983.

42. K.H. has a property and liberty interest in an education. *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975), the Supreme Court held that students in state public schools have a property interest in their legitimate entitlement to public education and a reputational

liberty interest in not being suspended except for good cause. Specifically, the Defendants have deprived K.H. the right to attend school for more than 10 days without the opportunity to rebut the unstated violation that resulted in her extended expulsion. The Defendants have not provided her a hearing.

43. The Board failed to adopt clear policies and failed to properly train and monitor its superintendent, Thurman, as to the proper procedures for expulsion of students.

44. The Board's failure to adopt and implement a clear policy or custom regarding expulsions and Thurman's personal interest in preventing K.H.'s return to school to complete her senior year, were a direct and proximate cause of the constitutional deprivation suffered by the Plaintiffs.

45. The Plaintiffs, accordingly, seek declaratory and injunctive relief against the Defendant, compensatory and punitive damages against the Defendants, attorney's fees and the costs of this lawsuit.

WHEREFORE, the above premises considered, the Plaintiffs pray unto this Honorable Court for the following relief:

a. That the Court assume jurisdiction over this action.

b.     That the Court grant a declaration that the Defendants have violated the Plaintiffs' civil rights under the 14th Amendment to the United States Constitution.

c.     Issue an Order demanding that the Defendants immediately reinstate K.H. in Linden High School, in classes that she was enrolled in at the time of her expulsion, in a regular schedule. Further, that K.H. be provided the assistance needed to academically recover from her time that she was not enrolled in Linden High School.

d.     Issue an Order granting the Plaintiffs an award of compensatory and punitive damages in the amount to be determined at trial.

e.     Issue an Order awarding the Plaintiffs reasonable attorney's fees, costs, and expenses.

f.     Grant to the Plaintiffs all other relief that fairness and justice demand and that this Court may deem appropriate.

Respectfully submitted on this the 20th day of November 2024.

                                                  /s/ James D. Sears
                                       JAMES D. SEARS   [SEARJ1750]

FOR THE Plaintiffs
Law Offices of Sears & Sears, PC
5809 Feldspar Way
Hoover AL 35244
(205) 588-0755; Cell (251) 404-1627
jdsears@searslaw.net



THE PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY.



| | |
|---|---|
| Linden City Board of Education | Timothy Thurman, Sr., EdD |
| Linden City Schools | Superintendent |
| PO Box 480609 | Linden City School |
| 209 N. Main Street | PO Box 480609 |
| Linden AL 36748 | 209 N. Main Street |
| | Linden AL 36748 |

11