IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHAKITA HALL, as mother and next of friend of K.H., a minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIV. ACT. NO. 2:24-cv-429-TFM-B |
| LINDEN CITY BOARD OF EDUCATION, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

The Court issues the following Memorandum Opinion pursuant to the Order entered on September 30, 2025.  Doc. 20.  Having reviewed *Defendants' Motion to Dismiss Amended Complaint* and accompanying brief (Docs. 12, 13), the response in opposition and accompanying brief (Docs. 17, 18), reply (Doc. 19), and the relevant law, the motion to dismiss is **GRANTED** for the reasons detailed below.

## I.   JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question).  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that gave rise to the claims in this matter occurred in this judicial district. No party contests jurisdiction or venue, and the Court finds adequate support for both.

## II.   BACKGROUND

### A.   Factual Background

This case arises out of the expulsion of K.H., a former student at Linden High School who was expelled from school in October 2024 for fighting. *See generally* Doc. 9.

On or around October 8, 2024, K.H. and other students were texting about another student's selection as homecoming queen, and what that student was going to wear to the homecoming dance. *Id.* at 5. Another female student, N.A., stated that K.H. disrespected her by suggesting that N.A. had said something about the homecoming queen. *Id.* The conversation escalated and K.H. and N.A. exchanged messages about fighting. *Id.* At some point after the text messages were exchanged, K.H. and N.A. fought on school grounds after regular school hours. *Id.* A faculty member intervened, and the altercation only lasted about 10-15 seconds. *Id.*

K.H. did not have a history of fighting or other disciplinary issues at school. *See id.* at 5-6. As punishment, the Linden High School principal placed both K.H. and N.A. at the alternative school for in-school suspension for six days. *Id.* at 6. N.A. was allowed to return to her regular classes after the suspension without further punishment. *Id.* K.H., however, was told by Defendant Superintendent Timothy Thurman Sr. ("Superintendent Thurman") not to return to school after her suspension. *Id.* K.H.'s mother contacted the state department when she became concerned about K.H. missing so much school and was told that they would contact Superintendent Thurman. *Id.* at 6-7. At the time of the filing of the amended complaint, Plaintiff still had not been told when she may return to school and was never given the opportunity to have a hearing regarding the expulsion. *Id*. at 7.

B.    **Procedural Background**

On November 11, 2024, Plaintiff Shakita Hall, as mother and next of friend of K.H., ("Plaintiff"), filed her original complaint with this Court. Doc. 1. Due to a deficiency, the Court ordered Plaintiff to file an amended complaint. *See* Doc. 6. On January 8, 2025, Plaintiff filed her Amended Complaint, which became the operative complaint. Doc. 9. Plaintiff's amended complaint asserts a claim for violation of the 14th Amendment under 42 U.S.C. § 1983 against the Linden City Board of Education ("BOE") and Superintendent Thurman (collectively,

"Defendants").   Plaintiff seeks seeks declaratory and injunctive relief as well as monetary damages.

On February 11, 2025, Defendants filed the instant motion to dismiss and brief in support. Docs. 12, 13.  Plaintiff timely filed her response in opposition, and Defendants timely filed their reply.  *See* Docs. 17, 18, 19.  The motion is fully briefed and ripe for review, and the Court finds oral argument unnecessary.

### III.   STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted.  *See* FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.").  Because a Fed. R. Civ. P. 12 (b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true.  *See, e.g.*, *United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, (citing *Twombly*, 550 U.S. at 555) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff.  *See, e.g.*, *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989).  Obviously, therefore, a

district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012)[1] (citing, among other cases, *Lawrence*, 919 F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss). "When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto." *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P. 12(b)(6) purposes.").

## IV.    DISCUSSION AND ANALYSIS

### A.    Section 1983 Claim

K.H. lives in Faunsdale, Alabama, which is not within Linden City. Doc. 18 at 2. Faunsdale does not have its own school district. *Id.* K.H. sought and was granted permission to attend Linden High School as an out-of-district student beginning in ninth grade and continuing until her expulsion. *Id.*

Defendants first argue that "[a]s Plaintiff has failed to demonstrate that she lives within the city limits of Linden and therefore does not have a right to attend Linden City Schools, Plaintiff has no civil rights action under 42 U.S.C. § 1983." Doc. 13 at 5. Plaintiff responds that "[d]enying K.H. the opportunity to graduate from Linden High School is a violation of a property and liberty

---

[1] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

interest in an education." Doc. 18 at 4. The Eleventh Circuit has stated that

> Section 1983 "provides every person with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions." Williams, 477 F.3d at 1299. Section 1983 does not create any substantive federal rights in and of itself; it is merely a vehicle to bring such suits. Id. Therefore, a § 1983 plaintiff must allege a specific federal right violated by the defendant.

*Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1265 (11th Cir. 2010). The relevant facts of this case are not in dispute by the parties. Rather, the issue is whether K.H. has a right pursuant to a federal constitutional or statutory provision that has been violated such that she has a viable cause of action pursuant to § 1983 for a violation of that right.

Alabama state law provides that a "city board of education is hereby vested with all the powers necessary or proper for the administration and management of the free public schools within such city and adjacent territory to the city which has been annexed as a part of the school district…" Ala. Code § 16-11-9. The Alabama Court of Civil appeals has held that "that the city board must provide schooling to children who are bona fide residents thereof and who live within the corporate city limits. §§ 16–11–9 and –16, Code 1975." *Phenix City Bd. of Educ. v. Teague*, 515 So. 2d 971, 973 (Ala. Civ. App. 1987). That court further observed that local school boards of education are authorized to regulate admission to their schools. *Id.* Students "*may* make application" to a respective school for admission, a student may be rejected or accepted "pursuant to the board's polices," but "not Alabama statute requires a parent to send his or her child to a particular school." *Id.* at 972-73 (emphasis added).

Plaintiff does not identify any statute giving rise to a right to attend an out-of-district school, before or after the student has engaged in conduct prohibited by that school district. Rather, Plaintiff argues that "[i]t is apparent that the claimed right of the State to determine unilaterally and without process whether that misconduct has occurred immediately collides with the requirements of the Constitution." Doc. 18 at 6. Specifically, Plaintiff argues that "the Defendants

have not provided the Plaintiffs either notice or a hearing." *Id.*  Under the Fourteenth Amendment to the United States Constitution, no state may "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.  Plaintiff cites the Supreme Court's holding in *Goss v. Lopez*, 419 U.S. 565, 579 (1975) for the proposition that "the Due Process Clause entitled the students to a minimum of 'some kind of notice and ... some kind of hearing.'" Doc. 18 at 5.  This case presents an unusual circumstance in which the student in question was attending school as required by state law, but K.H. was attending Linden High School permissively, not because she had a legal right to enroll there.

Under the plain reading of § 16-11-9, K.H. was attending Linden High School permissively, not as a matter of right. "After a citizen shows that he has been deprived of a constitutionally protected 'life, liberty, or property' interest through state action, a court must determine whether the procedural formalities of that deprivation comport with the requirements of the Due Process Clause." *Craig v. Selma City Sch. Bd.*, 801 F. Supp. 585, 589–90 (S.D. Ala. 1992). The issue in this case is that constitutionally protected due process rights arise from deprivation of a protected right, not from the process itself. To put it simply, there must be a right to violate before due process rights spring from having been deprived of that right. There is no authority before this Court to demonstrate that the granting of a privilege to attend a school converts thereafter to a protected right. This also cuts directly against Plaintiff's allegation that the K.H.'s expulsion was an "arbitrary deprivation of liberty," as the other student involved in the altercation was a resident of the school district and attending Linden High School as a matter of statutory right. Doc. 18 at 5. In the absence of a right to attend, there can be no deprivation of due process rights from ending a permissive attendance following undisputed misconduct.

## B.     Qualified Immunity

Alternatively, even if the claim had initially survived, the Court would still find that

qualified immunity would apply to the claims against Superintendent Thurman.

"The qualified immunity defense shields 'government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "While the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be . . . raised and considered on a motion to dismiss." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To overcome a defense of qualified immunity, "the plaintiff must make two showings." *Corbitt*, 929 F.3d at 1311. First, the plaintiff "must establish that the defendant violated a constitutional right." *Id.* (quoting *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199-1200 (11th Cir. 2007). Second, the plaintiff "must show the violated right was 'clearly established.'" *Id.* (quoting *Griffin Indus., Inc.*, 496 F.3d at 1199-1200). Federal district courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* (quoting *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

"If the official did not violate the law, the inquiry ends." *Griffin Indus., Inc.*, 496 F.3d at 1200. "Generally speaking, it is proper to grant a motion to dismiss on qualified immunity grounds when the 'complaint fails to allege the violation of a clearly established constitutional right.'" *Corbitt*, 929 F.3d at 1311 (quoting *St. George*, 285 F.3d at 1337).

"For a right to be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The Eleventh Circuit has "identified three different ways a plaintiff can show that the state of the law gives officials fair warning of a clearly

established right." *Id.* at 1312.   First, the plaintiff can "show that a materially similar case has already been decided." *Id.* (quoting *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005)).   In the Eleventh Circuit, a right may be clearly established by "judicial decisions of the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the highest court of the relevant state." *Id.* (quoting *Griffin Indus., Inc.*, 496 F.3d at 1199 & n.6)).

Second, the plaintiff can show that a right is clearly established if he can show "'that a broader, clearly established principle should control the novel facts' of a particular situation." *Id.* (quoting *Mercado*, 407 F.3d at 1159).   In this scenario, "the principle must be established with obvious clarity by the case law so that every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the official acted." *Id.* (quoting *Loftus v. Clark-Moore*, 690 F.3d 1200, 1205 (11th Cir. 2012)).   Or "[p]ut another way, 'in the light of pre-existing law the unlawfulness must be apparent.'" *Id.* (quoting *Loftus*, 690 F.3d at 1205).

Third, a plaintiff may show that a right is clearly established if the case "fits within the exception of conduct which so obviously violates [the] constitution that prior case law is unnecessary." *Id.* (quoting *Mercado*, 407 F.3d at 1159).

In the case at hand, Thurman was acting in the scope of discretionary duties as Superintendent when making a disciplinary determination to expel K.H.   Therefore, the Court moves to the next stage of the qualified immunity analysis in analyzing whether there was a constitutional violation.   The Court already found that the law was not violated.   But, even if the Court were determined to be in error, the law is not clearly established.   Therefore, qualified immunity shields Superintendent Thurman against the claims asserted against him.

## V.   CONCLUSION

Accordingly, for these reasons, the *Defendants' Motion to Dismiss Amended Complaint*

and accompanying brief (Doc. 12) is **GRANTED**

A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 14th day of October, 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE